Shannon GOVAR; John Govar, Appellants,

v.

CHICAGO INSURANCE COMPANY, Appellee,

v.

Atherton HIETT.

No. 88–2491.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1989.

Decided July 13, 1989.

Robert M. Cearley, Jr., Little Rock, Ark., for appellants.

Lucinda McDaniel, Jonesboro, Ark., for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

MAGILL, Circuit Judge.

Shannon Govar (Govar) appeals from a district court[1] order granting summary judgment to Chicago Insurance Company (Chicago Insurance) in a declaratory judg-

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern Dis-      trict of Arkansas.

ment action brought to determine whether the company must pay a judgment against its insured, Atherton Hiett (Hiett). We affirm.

## I.

In February 1985, Govar sought professional help from Hiett, a psychologist licensed to practice in Arkansas. Govar continued to see Hiett from February through September 1985. During the course of treatment, Hiett engaged in sexual activity with Govar on several occasions.

Govar brought a medical malpractice action against Hiett in state court, alleging that Hiett was negligent when he had sex with Govar while she was his patient. Chicago Insurance Company, Hiett's insurer, defended Hiett under a reservation of rights, asserting an exclusion in its professional liability policy for claims arising out of sexual acts. When Govar discovered the exclusion in the policy, she amended her original complaint, deleting all references to sex and alleging only that Hiett failed to exercise the degree of skill and care required by his profession.

At trial in Arkansas state court, the jury returned a verdict for Govar and awarded her $342,465. Chicago Insurance refused to pay, alleging that the policy excluded coverage based on a clause excluding coverage for claims arising out of sexual acts performed by the therapist. Govar then filed a declaratory judgment action in federal district court seeking construction of the exclusion clause to compel coverage. After reviewing the state court transcript, the district court determined that Govar's claim arose out of sexual acts that occurred as an essential element of her cause of action. The court found that Hiett's policy therefore excluded coverage for Govar's claims, and granted summary judgment in favor of Chicago Insurance.

On appeal, Govar contends that the district court improperly construed the meaning of the terms "essential element" and "judgment or final adjudication," and that the district court erred in determining that the policy did not cover Hiett because Govar's claims arose out of sexual acts.

## II.

The disputed exclusion clause in the policy reads as follows:

This insurance does not apply to claims arising out of any sexual act or acts performed or alleged to have been performed by the named Insured. However, notwithstanding the foregoing, the insured shall be protected under the terms of this policy for any claim upon which suit may be brought against him, for any such alleged act or acts by the Insured unless a judgment or final adjudication adverse to the Insured shall establish that such act or acts occurred as an essential element of the cause of action so adjudicated.

Govar contends that the language "judgment or final adjudication" should restrict a reviewing court to an examination of the final judgment when determining whether sexual acts constituted an essential element in the cause of action. She also contends that the sexual acts were only one factor in the malpractice, not an "essential element" as the district court determined. We disagree.

It is true that the judgment entered by the state trial court does not expressly state that sex was an essential element of the cause of action. The policy does not require that such a statement appear on the face of the judgment, however, but rather requires that the judgment "*establish* that such acts occurred as an essential element of the cause of action." The only way to determine whether sexual acts were established as essential to the cause of action is to review the evidence presented at trial. We find no error in the district court's act of reviewing the entire trial record to see whether or not sex was an essential element here. *See Cranford Insurance Company v. Allwest Insurance Company*, 645 F.Supp. 1440 (N.D.Cal. 1986).

With respect to Govar's claims that the sexual acts were only one factor in Hiett's malpractice and that the jury could have found Hiett negligent without depending on the sexual acts, we disagree. Perhaps

Govar *could* have presented her case without reference to sex, but she chose not to do so. After our own review of the record, we agree with the district court that Govar's entire case centered on sex. As the district court stated, the sexual relationship between Govar and Hiett was "so intertwined with Hiett's malpractice as to be inseparable." Even construing the exclusion language against Chicago Insurance, *Courson v. Maryland Casualty Company*, 475 F.2d 1030, 1035 (8th Cir.1973) (applying Arkansas law); *J.B. Kramer Grocery Company v. Glens Falls Insurance Company*, 497 F.2d 709, 711 (8th Cir.1974) (same), the district court correctly found that the policy did not provide coverage. We affirm.