# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3345

_____

| | | |
|---|---|---|
| Legion Insurance Company; | * | |
| American Psychiatric Association | * | |
| Risk Retention Group, Inc., | * | |
| | * | |
| Appellees, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Sally Rothenberg; Elliot Rothenberg; | * | [UNPUBLISHED] |
| Gregory Milne, MD; Twin Cities | * | |
| Psychiatric Associates, P.A., | * | |
| | * | |
| Appellants. | * | |

_____

Submitted:  June 11, 2001

Filed:  July 10, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

This is a declaratory-judgment action in a case involving coverage under a professional malpractice insurance policy.  Sally and Elliot Rothenberg appeal from the

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

District Court's grant of summary judgment for the plaintiff insurers, who provided malpractice coverage for Dr. Gregory Milne, a psychiatrist. Sally Rothenberg was a patient of Milne, who became her lover. To say the least, the relationship did not work out well for Mrs. Rothenberg, who eventually filed a lawsuit against Milne and various entities with which he was associated during his extended affair with her. Elliot Rothenberg, her husband, separately filed suit against Milne.

Pursuant to the terms of the insurance policy, the insurers provided Milne with a defense to the suits by the Rothenbergs, but questioned whether they were obligated to provide coverage for any award, and brought this declaratory-judgment action. Meanwhile, the Rothenbergs settled with Milne. The settlement agreement provided a judgment of $1.5 million for Mrs. Rothenberg and $500,000 for Mr. Rothenberg. The agreement further provided that the Rothenbergs would collect only to the extent that coverage was provided by Milne's malpractice insurance; to the extent the awards fell under the policy's exclusions, the Rothenbergs would not seek to collect from the personal or corporate assets of Milne or Twin Cities Psychiatric Associates, of which Milne was the sole shareholder.

The policy contains exclusions for "[a]ny claim, damages or cause of action based in whole or in part on, or involving a claim of undue familiarity . . . if undue familiarity is an essential element of such claim, damages, or cause of action," as well as for claims involving improper handling of "transference" and "counter-transference" issues. Description of Coverage 1994-1995 ¶¶ C.10, C.12. "Undue familiarity" is defined in the policy as meaning "any actual or alleged sexual or social relationship between [the insured physician] and the Claimant or any actual or alleged physical contact by [the insured physician] of such claimant." Id. ¶ L.

In granting summary judgment sustaining the insurers' position that the "undue familiarity" exclusion precludes coverage for the Rothenbergs' claims, the District

Court[2] examined the complaints in the underlying malpractice actions and found that they were replete with allegations concerning the sexual and social relationship between Mrs. Rothenberg and Milne.  The court recognized that the complaints alleged instances of malpractice that occurred before Milne's relationship with Mrs. Rothenberg became intimate, but determined that the sexual and social relationship and the alleged malpractice are "so intertwined . . . as to be inseparable."  Memorandum Opinion and Order at 9 (quoting Govar v. Chicago Ins. Co., 879 F.2d 1581, 1582 (8th Cir. 1989)).  The court further determined that it would be impossible to separate the damage inflicted by the alleged pre-intimacy malpractice from the damage inflicted by Milne's totally unprofessional and egregious relationship with Mrs. Rothenberg.  Accordingly, the court determined as a matter of  law that the insurers are protected by the undue-familiarity exclusion and are not obligated to provide coverage for any of the Rothenbergs' claims against Milne.

For reversal, the Rothenbergs argue the District Court erred in holding that the undue-familiarity exclusion barred all of their claims from coverage under Milne's malpractice insurance policy.  Having considered the arguments of the parties, their briefs, and the record, we are satisfied the District Court correctly granted summary judgment for Milne's insurers.  Based on the well-reasoned memorandum opinion and order of the District Court, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.